UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN SEVERE,

       Petitioner,

                                    Case No. 2:09-cv-193

v.

                                    HON. GORDON J. QUIST

GREG MCQUIGGIN,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner John Severe filed this petition for writ of habeas corpus challenging his prison sentence for third degree criminal sexual conduct, MCL 750.520 (d)(1)(a). Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following issues:

I. Petitioner was deprived of his Sixth Amendment rights to effective assistance of counsel at trial.

II. Petitioner asserts he should be granted a new trial.

III. Petitioner was deprived of his due process rights because the Information was amended after the close of proofs.

IV. Petitioner asserts Appellate counsel was ineffective for failing to raise the matter of the amended Information.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA,

this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court has held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

-2-

incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that trial counsel was ineffective for failing to locate and submit a birth certificate from Haiti revealing that Petitioner's victim was twenty years old when they had sex. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether

Petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See Id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996).

The Michigan Court of Appeals found that there was no reason to believe that trial counsel committed any errors so serious as to suggest a Sixth Amendment violation, nor did they find reason to believe any errors were committed that would affect the outcome of the proceedings. The court held that the calling and questioning of witnesses as well as the offering of evidence was a matter of trial strategy. More specifically the court explained that there was no proof that the birth certificate was accurate, finding that it would be unlikely that the outcome of the proceedings would be different if the birth certificate had been available at trial. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner further asserts that he should be granted a new trial. The Michigan Court of Appeals explained:

> The evidence at trial conflicted regarding whether LP was born in 1984, 1989, or 1991, which would make her anywhere from 13 to 20 when she first had sexual relations with defendant. The prosecutor produced a birth certificate from LP's birth father showing that LP was born in 1991, but LP's adoptive father testified that the date was incorrect because LP was really born in 1989. Defendant obtained a birth certificate from LP's birth mother showing that LP was born in 1984. There is nothing in the record to show that the 1984 birth certificate reflected the true date of birth. Further, the [child's] passport was admitted into evidence, and the jury could determine for itself whether the picture of LP was more likely to be that of a three-year-old, five-year-old, or ten-year-old child. Therefore, it is unlikely that the outcome would have been different if counsel had produced the 1984 birth certificate at trial.

Michigan Court of Appeals' opinion, docket #25, at 2.

On review, the Michigan Court of Appeals stated that it would only order a new trial on the ground that the verdict resulted in a miscarriage of justice. The court concluded that a new trial may be granted on the basis of newly discovered evidence but that the defendant must show:

> (1) the evidence itself, not just its materiality, was newly discovered; (2) the evidence was not cumulative; (3) the evidence would probably cause a different result upon retrial; and (4) the defendant could not, with reasonable diligence, have discovered and produced the evidence at trial. *People v Cress,* 468 Mich 678, 692; 664 NW2d 174 (2003).

Michigan Court of Appeals' opinion, docket #25, at 1.

The court found that because of doubts surrounding the birth certificate's authenticity, it would be unlikely that its admission would have produced a different result upon retrial. The court also found that Petitioner failed to show that the birth certificate could not have been obtained with reasonable diligence and produced at trial. The Michigan Court of Appeals found that the trial court did not abuse its discretion in denying the defendant's initial motion for a new trial. The

Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that his due process rights were violated when the prosecution amended the Information the morning of trial. This issue was first presented by Petitioner in his motion for relief from judgment. The Michigan appellate courts denied Petitioner's motion in form orders under "MCR 6.508(D)." These form orders are ambiguous as to whether they refer to procedural default or denial of relief on the merits. Therefore, we must look to the last reasoned state court opinion to determine the basis for the state court's rejection of Petitioner's claim. *Guilmette v. Howes,* 624 F.3d 286 (6th Cir. 2010). MCR 6.508 (D)(3) states that a petitioner is barred from claiming habeas corpus relief if the motion "alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence. . . ." As this issue was not raised on appeal, it would fall under this category. In addition, MCR 6.112(H) reads, "the court, before, during, or after trial may permit the prosecutor to amend the information unless the proposed amendment would unfairly surprise or prejudice the defendant." As the Information was amended to reduce Petitioner's sentence, the amended Information could not be considered prejudicial to Petitioner.

Petitioner contends that appellate counsel was ineffective for failing to raise the matter of the amended Information. The standard for deciding ineffective assistance of appellate counsel is very similar to that of trial counsel. In both circumstances Petitioner must prove that counsel's errors were so egregious that trial counsel was not functioning as counsel guaranteed by the Sixth Amendment and that but for counsel's serious errors, the outcome of the proceedings

would have been different. According to the Supreme Court case *Jones v. Barnes,* 463 U.S. 745 (1983):

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders.* Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 745.

In this case, the motion to amend the Information was brought by the defense. The amended Information served to lessen Petitioner's charge from first degree criminal sexual conduct to third degree. Petitioner received the advantage of being charged with a lesser crime once the Information was amended. The trial court issued an order stating:

> In the instant case, Defendant was not prejudiced by the amendment - in fact, he benefited. Defendant was originally charged with CSC, 1st. The information was amended to reduce the charge to CSC 3rd. Thus, the risk was removed that the jury would find Defendant guilty of CSC 1st. Moreover, the motion to amend the information was made on the first day of trial, and was raised by defense counsel. Because the amendment was to Defendant's benefit, he was njot prejudiced.
>
> Similarly, appellate counsel was not ineffective for failing to raise the above issue on direct appeal because it lacked merit. Counsel was not objectively unreasonable in failing to bring an issue that had no merit and there is not a reasonable probability that the result would have been different.

Kent County Circuit Court order, docket #27, at 2.

As neither standard for ineffective appellate counsel is met, Petitioner fails to establish that his defaulted claim has merit nor has he established that his defaulted claim would have prevailed on appeal.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 11, 2011